**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Karina Mejia on behalf of herself and all other plaintiffs similarly situated, <br>        Plaintiffs, <br><br> v. <br><br> BLUE ISLAND PARK DISTRICT <br>        Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. <br> ) <br> ) <br> ) <br> ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Karina Mejia ("Karina" or "Plaintiff") on behalf of herself and all other plaintiffs similarly situated, by and through her attorneys, and for her Class and Collective Action Complaint against Defendant Blue Island Park District ("Defendant") states as follows:

### Nature of the Action

1. Defendant, a public agency, compensates employees for overtime by providing compensatory time off in lieu of cash overtime payments.

2. This compensation scheme is allowed under the Fair Labor Standards Act ("FLSA") and Illinois Minimum Wage Law ("IMWL") for public agencies; however, public agency employees must receive compensatory time off at a rate of not less than one and one-half hours for each overtime hour worked.

3. The Blue Island Park District violates the law by only providing overtime compensatory time off at the rate of one hour for each overtime hour worked, not the required one and one-half hours for each overtime hour worked.

4. Additionally, Defendant fails to properly calculate overtime employees work in each week, resulting in further underpayments of overtime and/or compensatory time to its employees.

**Parties**

5. Plaintiff was an hourly employee for Defendant as an office clerk for the past six years until recently.

6. Defendant Blue Island Park District is a public agency and subdivision of the City of Blue Island, Illinois.

7. Defendant was the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

8. Defendant was the Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/1; 820 ILCS 105/3(c).

9. Plaintiff was Defendant's "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1).

10. Plaintiff was Defendant's "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d).

**Jurisdiction and Venue**

11. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

**Factual Allegations**

13. Plaintiff worked for Defendant within the past three years.

14. The FLSA requires employers to pay overtime compensation when non-exempt hourly employees work over forty hours in a work week.

15. In particular, 29 U.S.C. 201, § 207(o)(1) provides, in relevant part:

> "Employees of a public agency … may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required"

16. Plaintiff and other employees often worked more than forty hours in numerous work weeks.

17. However, Defendant only provided additional compensatory time when employees worked more than eighty hours in a two-week pay period.

18. Thus, Defendant avoided paying additional compensatory time for overtime worked by impermissibly balancing two-week periods instead of providing compensatory time when more than forty hours were worked in a work week.

19. Additionally, when Defendant did calculate overtime, it did not provide compensatory time at a rate of one and-one half hour for each overtime hour worked. Instead, when Defendant provided compensatory time, it was only at the rate of one hour for each overtime hour worked.

20. This failure results in Plaintiff and others similarly situated being deprived of their full overtime earnings, in this case additional compensatory time in lieu of cash payment.

21. By way of example: During the pay period of March 3, 2019 through March 16, 2019 Karina worked 51.75 hours during the first week of the pay period, and 34 hours during the second week of the pay period. Thus, she worked 11.75 overtime hours during the pay period and

should have earned 17.63 hours of compensatory time in lieu of cash overtime payment. However, Defendant added the two weeks together to equal 85.75 and only gave compensatory time ("CT")_ of 5.75 hours. Defendant's unlawful calculations of overtime hours and compensatory time are reflected directly on timecards created by Defendant. A true and correct copy of these timecards are attached to this Complaint as Exhibit 1.

22. For another example: During the pay period of March 1, 2020 through March 14, 2020 Karina worked 44.5 hours during the first week of the pay period, and 38 hours during the second week of the pay period. Thus, she worked 4.5 overtime hours during the pay period and should have earned 6.75 hours of compensatory time in lieu of cash overtime payment. However, instead, Defendant added the weeks together to equal 82.5 hours and only gave compensatory time ("CT") of 2.5 hours. Again, Defendant's violations are reflected directly on time cards created by Defendant. A true and correct copy of these time cards are attached to this Complaint as Exhibit 2.

23. Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA or the IMWL.

24. Defendant's scheme deprives employees from receiving all earned compensatory time and/or overtime wages owed to them.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. P. 23 on behalf of herself and all other non-exempt employees who were not fully compensated for overtime hours worked.

26. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they did not receive all compensatory time and/or overtime owed to them for

working over forty hours in a work week at the required overtime rate of one and one-half hours for each overtime hour worked and had such rights undermined and neglected by Defendant's unlawful practices and policies.

27. Defendant has encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay.

28. Defendant has known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendant has operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half hours of compensation time in lieu of cash payment for work in excess of 40 hours.

29. There are estimated to be dozens of other current and former employees within the asserted collective and class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff request that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

30. The records, if any, should be in the custody or control of Defendant's concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

31. Plaintiff will fairly and adequately protect the interests of each proposed class member and have retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

**COUNT I - FAIR LABOR STANDARDS ACT**
**(Plaintiff Individually and on Behalf of All**

**Similarly Situated Employees Pursuant to 29 U.S.C. §216 against Defendant)**

32. The Plaintiffs re-allege and incorporate by reference paragraphs 1 through 31 of this Complaint as is fully set forth herein.

33. Under the FLSA, Plaintiff and the Collective were entitled to receive one and one-half-hours in compensatory time for each overtime hour worked.

34. The proper overtime rate for compensatory time in lieu of cash overtime is one and one-half hour for every overtime hour worked.

35. Defendant failed to compensate the Collective at the proper overtime rate for all the work they performed in excess of 40 hours per week in violation of the FLSA.

36. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore were willful and deliberate.

37. Due to Defendant's violations of the FLSA, the FLSA Class is entitled to recover from Defendant their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A. A declaratory judgement that Defendant violated the wage provisions of the FLSA as to the Plaintiff and similarly situated employees;

B. A declaratory judgment that Defendant's violations of the FLSA was willful;

B. Unpaid compensation;

B. An additional amount equal as liquidated damages;

C. Prejudgment interest;

    D.    Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    E.    Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23 against Defendant)**

38.    Plaintiff hereby alleges and incorporates Paragraph 1 through 37 of this Complaint, as is fully set forth herein.

39.    This count arises from Defendant's violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

40.    Under the IMWL, Defendant was and remains obligated to compensate Plaintiff, and similarly situated employees, for all hours worked in excess of 40 hours in any individual work week at a rate of one and one-half hour of compensatory time for each overtime hour worked.

41.    Plaintiff was regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required overtime rates.

42.    By failing to pay overtime compensation due to Plaintiff, Defendant willfully, knowingly and/or recklessly violated the IMWL.

43.    As a result of Defendant's policy and practices, Plaintiff and similarly situated employees have been damaged in that they have not received wages or compensatory time due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

    A.    A Declaratory Judgement that Defendant violated the wage provisions of the IMWL as to the Plaintiffs and similarly situated employees;

B.      A declaratory judgement that Defendant's violations of the IMWL were willful;

C.      Unpaid compensation;

D.      A judgment of punitive damages, including treble damages and statutory interest of 5% per month, as provided by IMWL;

E.      A judgement of reasonable attorney's fees and costs incurred in filing this action; and

F.      Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint, including FLSA claims.

Dated: August 19, 2021                      Respectfully Submitted,

                                                          By: /s/ John Kunze
                                                           One of the Attorneys for the Plaintiff

John Kunze
Fish Potter Bolaños, PC
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400

Patrick Cowlin
Fish Potter Bolaños, PC
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312)861-1800
(fax) (312)861-3009