## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KARINA MEJIA, on behalf of herself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 2021 CV 04434 |
| v. | ) ) | |
| BLUE ISLAND PARK DISTRICT | ) ) | Hon. Nancy L. Maldonado |
| Defendant. | ) ) ) | |

### FINAL APPROVAL ORDER AND JUDGMENT

This Litigation came before the Court for a hearing on December 6, 2022, to determine the fairness of the proposed Settlement presented to the Court and the subject of this Court's Preliminary Approval Order, [ECF No. 42] wherein the Court granted preliminary approval of the Settlement of all claims alleged in this Litigation, preliminarily certifying this case as an FLSA collective action and Rule 23 class action for settlement purposes only, approving the form and manner of the Notice, approving the proposed Service Award to Named Plaintiff, Karina Mejia, Class Counsel's attorneys' fees and litigation costs, and the settlement administrator ("Simpluris") Settlement Administration Expenses, and setting a date for a Fairness Hearing. Due notice having been given and the Court having been fully advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized terms used in this Final Order and Judgment shall have the same meanings as ascribed to them in the Settlement Agreement executed by counsel on behalf of the Named Plaintiff, all Collective and Class Members, and Defendant, respectively.

1

1. The Court has jurisdiction over the subject matter of this Litigation, the Plaintiffs, the Class Members, the FLSA Collective Members, and Defendant for purposes of Settlement.

2. For the sole purpose of settling and resolving this Litigation, the Court certifies the Illinois Class pursuant to Fed. R. Civ. P. 23, which is defined as: the Named Plaintiff and persons employed as hourly non-exempt employees by Defendant between 7/15/2018 and 7/18/2021 and who were identified in the payroll data produced by Defendant to Plaintiff's Counsel, and who are identified on Exhibit A to the Amended Settlement Agreement.

3. For the sole purpose of settling and resolving this Litigation, the Court certifies the following Fair Labor Standards Act ("FLSA") Collective for settlement purposes pursuant to 29 U.S.C. § 216(b): the Named Plaintiff and persons employed as hourly non-exempt employees by Defendant between 7/15/2018 and 7/18/2021 and who were identified in the payroll data produced by Defendant to Plaintiff's Counsel, and who are identified on Exhibit A to the Amended Settlement Agreement and returned a Claim Form to join the FLSA collective.

4. On September 30, 2022, this Court preliminarily approved the Settlement Agreement [ECF No. 42].

5. Notice to the Class Members and Collective Members has been provided to the fullest extent reasonably possible in accordance with the Court's Preliminary Approval Order and its Amended Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct notice through the U.S. Mail, which provided the best practicable notice under the circumstances and was reasonably calculated, under the circumstances, to apprise the Class Members and Collective Members of the pendency of the Litigation, Class Counsel's application for attorneys' fees and reimbursement of litigation costs, service award to the Named Plaintiff, Settlement Administration Expenses, and the rights of Class Members and Collective

Members to object or Opt-Out from the Settlement Agreement or join the FLSA Collective, and to appear at the Final Approval Hearing: was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and fulfilled the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 216(b) of the FLSA, the Constitution of the United States and any other applicable laws and due process.

6. The Settlement Agreement was the result of arm's-length negotiations and conducted in good faith by experienced attorneys familiar with the legal and factual issues and is supported by the Named Plaintiffs and Class Counsel.

7. The Named Plaintiffs and Class Counsel adequately represented the Class Members and Collective Members for purposes of entering into and implementing the Settlement Agreement.

8. The Court hereby confirms its appointments of Named Plaintiff, Karina Mejia, as representative for the Settlement Class, and Fish Potter Bolaños, P.C. as Class Counsel for the Settlement Class.

9. The Court hereby approves the Settlement and hereby orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

10. The Court finds that the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate to the Class Members and Collective Members, and more particularly finds that:

    a. The settlement was negotiated vigorously and at arm's-length by Defense Counsel, on one hand, and the Named Plaintiffs and Class Counsel on behalf of the Class Members and Collective Members on the other hand;

    b. Plaintiffs and Defendant had sufficient information to evaluate the settlement value of the Litigation;

    c. If the Settlement had not been achieved, Named Plaintiff and the Class Members and Collective Members faced the expense, risk and uncertainty of extended litigation;

    d. The amount of the Settlement -- $91,000 dollars is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal. The method of distributing the Settlement Fund is efficient and requires no filing of claims. The Settlement terms related to service award, attorneys' fees, and Settlement Administration Expenses do not raise any questions concerning fairness of the Settlement and there are no agreements, apart from the Settlement, required to be considered under Fed. R. Civ. P. 23(e)(2)(c)(iv). The Settlement Fund is within the range of settlement values obtained in similar cases;

    e. At all times the Named Plaintiffs and Class Counsel have acted independently of Defendant and in the interest of the Class Members and Collective Members; and,

    f. There were no filed objections to the Settlement.

11. The plan of allocation of the Net Settlement Fund is finally approved as fair, reasonable, and adequate. The Claims Administrator shall distribute the Net Settlement Fund in accordance with the Settlement Agreement. The Claim Administrator shall have final authority to determine the share of the Net Settlement Fund to be allocated to each Class Member and Collective Member in accordance with the terms of the Settlement Agreement approved by the

Court.

12. All requirements of the Class Action Fairness Act, 28 U.S.C. § 1711 *et seq.*, have been met.

13. The releases and covenants not to sue set forth in the Settlement Agreement, including but not limited to Section 4 of the Settlement Agreement, together with the definitions contained in the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. Accordingly, the Court orders that the Named Plaintiff, the Class Representative, and the Class Members and FLSA Collective Members (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, predecessors, successors, assigns, agents, and attorneys) hereby fully, finally, and forever settle, release, relinquish, waive, and discharge all Releasees (including Defendant) from all claims for overtime violations under Illinois state wage and hour law for Class Members, and all claims for overtime violations under the FLSA for Collective Members, and derivative of the claims released in the Settlement Agreement including all claims that were or could have been pled in the Litigation during the Covered Period, regardless of whether or not such Class Members or Collective Members may discover facts in addition to or different from those which the Class Members, Collective Members or Class Counsel now know or believe to be true with respect to the Litigation and the Released Claims and regardless of whether such Class Members or Collective Members receive a monetary benefit from the Settlement, actually received the Notice, filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs or Settlement Administration Expenses, and whether or not the objections or claims for distribution of such Class Members or Collective Members have been approved or allowed.

14. The Named Plaintiffs, Class Representatives, Class Members and Collective Members acting individually or together, or in combination with others, are hereby permanently and finally barred and enjoined from suing the Releasees (including Defendant) in any action or proceeding alleging any of the Released Claims.

15. Each Class Member and Collective Member hereby releases the Releasees (including Defendant), Defense Counsel, and Class Counsel for any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the gross Settlement Amount or Net Settlement Fund and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

16. The operative complaint and all claims asserted therein in the Litigation are hereby dismissed with prejudice and without costs to any of the Parties and Releasees other than as provided for in the Settlement Agreement.

17. The Court awards to Class Counsel $30,333 as a fair and reasonable attorneys' fees, which shall include all attorneys' fees associated with the Litigation. In addition, Class Counsel shall receive reimbursement of costs in the amount of $482.70 associated with the Litigation. These amounts shall be paid out of the gross Settlement Fund as set forth in the Settlement Agreement.

18. The Court awards to Simpluris $5,000 for Settlement Administration Expenses, which shall include all Settlement Administration Expenses associated with the Litigation.

19. The Court awards to Named Plaintiff a service award of $3,000.00 for her time and effort serving the Class Members and Collective Members in this Litigation. The amount shall be paid from the gross Settlement Fund pursuant to the terms of the Settlement Agreement.

20. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges

that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Settlement Notice, Individual Settlement Amount, this Final Order and Judgment, or the Settlement Agreement or the termination of the Settlement Agreement.

21. Any motion to enforce this Final Approval Order and Judgment or the Settlement Agreement, including by way of injunction, may be filed in this Court, and the provisions of the Settlement Agreement and/or this Final Approval Order and Judgment may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

Dated: 12/8/22

_____
Nancy L. Maldonado
United States District Court Judge